1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOBBY COLSTON,

             Plaintiff,

    v.

SHAKTI, LLC,

             Defendant.

Case No. 15-cv-02306 NC

**ORDER ON MOTION FOR DEFAULT JUDGMENT; DENYING WITHOUT PREJUDICE**

Re: Dkt. No. 38

In this ADA case, plaintiff Bobby Colston seeks recovery from defendant Shakti LLC for the barriers he encountered in a night's stay at the Comfort Inn in Salinas, California. The Court finds default judgment is appropriate as to the request for injunctive relief, and request for statutory damages. However, the Court DENIES WITHOUT PREJUDICE the motion based on Colston's request for compensatory damages and attorneys' fees, permitting Colston to refile his request with the submission of additional material on May 5, 2017.

## I.    BACKGROUND

Colston suffers from a spinal cord injury and uses a wheelchair for mobility. Colston is assisted by an in-home aid and must use a lifting device to move from his wheelchair on to a bed. In July 2014, Colston was in the Salinas area to attend his father's funeral, and he checked in to the Comfort Inn hotel. Colston was assured that he was given the disability accessible room, configured for his needs. However, when Colston

Case No. 15-cv-02306-NC

1  began preparing for bed, it became apparent that he would not be able to fit his lifting

2  device in the proper place to move him into the bed.  Colston's companion attempted to

3  move the furniture around the bed area, but all of the furniture was built in to the wall.

4  Colston called the front desk of the hotel several times to request a changed room or

5  moving the furniture.  The front desk reassured him that they would assist in

6  accommodating his needs.  After midnight, Colston still had not received assistance from

7  the hotel, and he decided to sleep the night in his wheel chair.  Because of his immediate

8  discomfort the next morning, Colston cancelled the rest of his trip and missed his father's

9  funeral.  Over the next two weeks, Colston suffered from a bedsore that he alleges was

10  caused by spending the night in a wheelchair.  Colston alleges that this physical injury is

11  recurring and has severely limited his mobility and enjoyment of life over the past two

12  years.

13       In the complaint, Colston alleges that the Comfort Inn fails to provide disability

14  accessible parking spaces and access aisles, paths of travel, transaction counters, and hotel

15  rooms.  Colston seeks injunctive relief, damages under the Unruh Civil Rights Act,

16  damages under California Civil Code § 3333, and attorneys' fees.

17       Defendant Shakti LLC (the owner of the Comfort Inn) appeared in this case and

18  answered the complaint.  However, the parties came to a settlement agreement to strike the

19  answer and for Colston to seek a default judgment against Shakti.  Colston moved for

20  default judgment in January 2017.  The Court held a hearing on the motion, in which

21  Colston testified regarding his injuries. Dkt. Nos. 39, 43.  A transcript of the hearing is

22  available at docket number 43.  In addition, the Court required Colston to submit

23  supplemental briefing regarding his request for compensatory and future damages related

24  to the bedsore.  That briefing is due on May 5, 2017.

25       All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 10, 11.

26  **II.   LEGAL STANDARD**

27       Default may be entered against a party who fails to plead or otherwise defend an

28  action and against whom a judgment for affirmative relief is sought.  Fed. R. Civ. P. 55(a).

United States District Court
Northern District of California

After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Shanghai Automation Instrument*, 194 F. Supp. 2d at 995; *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

### A. Jurisdiction and Service of Process

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Also, the Court may only enter default judgment against a minor or incompetent person if represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2).

Here, jurisdiction is based on a federal statute, and the defendant appeared in the case and answered the complaint. Thus, the Court finds that jurisdiction and service of process are proper.

### B. Merits of the Case and Sufficiency of the Complaint

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable*,

Case No.15-cv-02306-NC                      3

1   *Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

2          An individual who is substantially limited in his ability to walk is disabled under the

3   ADA, so Colston is disabled within the meaning of the ADA.  42 U.S.C. § 12102.  A hotel,

4   such as the Comfort Inn is a public accommodation subject to the ADA.  42 U.S.C. §

5   12181(7)(A).  Colston alleges that he was unable to access parking spaces and access

6   aisles, paths of travel into the building, transaction counters, and portions of his room.

7          The Court finds that these *Eitel* factors weigh in favor of granting default judgment.

8      **C.    Other *Eitel* Factors**

9          The Court considers the other *Eitel* factors together.  Colston seeks $3,063,500 in

10  damages.  The Court notes that the award sought here is significantly larger than the

11  awards this Court has previously granted in other ADA cases.  *See Block v. Granary, LLC*,

12  No. 15-cv-04988 NC, 2016 WL 3004838 (N.D. Cal. May 6, 2016) (awarding $4,000 in

13  damages); *Castillo-Antonio v. Alvarez*, No. 16-cv-00352 NC, 2016 WL 4267739 (N.D.

14  Cal. July 22, 2016) (awarding $4,000 in damages).

15         The possibility of prejudice to Colston is high because he is unable to access the

16  Comfort Inn hotel and he alleges continuing damages caused by his stay.  As to the extent

17  and causality of his damages, there is a likelihood of dispute concerning the material facts.

18  However, as to the existence of a non-ADA compliant public accommodation, the

19  possibility of dispute is low.  Here, the default was not due to excusable neglect, as

20  defendant initially appeared in the case.  Although courts favor a decision on the merits,

21  defendant has chosen not to participate in challenging the merits of this case.

22         Considering all of the *Eitel* factors, the Court finds that granting default judgment is

23  appropriate.

24      **D.    Injunctive Relief**

25         Colston seeks injunctive relief to order defendant to remove the architectural

26  barriers at the Comfort Inn.

27         The ADA permits private individuals to seek injunctive relief.  *Molski*, 481 F.3d at

28  730.  When the Court has determined that a defendant violated the ADA, "injunctive relief

1   shall include an order to alter facilities to make such facilities readily accessible to and

2   usable by individuals with disabilities." 42. U.S.C.A. § 12188.

3        While the ADA permits injunctive relief, a defendant need only remove

4   architectural barriers "where such removal is readily achievable." 42 U.S.C. §

5   12182(b)(2)(A)(iv).  Readily achievable means "easily accomplishable and able to be

6   carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *Molski*, 481 F.3d

7   at 730.  Under 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove

8   barriers include installing ramps, repositioning the paper towel dispenser and other

9   dispensers, installing accessible door hardware, installing grab bars in toilet stalls, and

10  creating designated accessible parking spaces.

11       Here, Colston requests that the Court order Shakti to (1) make the parking spaces

12  and access aisles level with surface slopes (2010 Standards § 502.4); (2) to ensure that

13  there is a ramp from the parking to the access building entrance (2010 Standards § 206.2);

14  (3) to create an accessible transaction counter with a maximum height of 36 inches (2010

15  Standards §904.4); (4) to bring the shower into compliance with ADA standards (2010

16  Standards §§ 608.3, 205, 308-9); and (5) to have at least a 36-inch wide clearing around

17  the sides of the bed (2010 Standards § 806.2.1).  The Court finds all of these requests are

18  appropriate under the ADA Standards for Accessible Design and readily achievable.  The

19  Court GRANTS Colston's request for an injunction.

20       **E.    Damages and Attorneys' Fees**

21       The ADA does not provide for an award of monetary damages in private suits;

22  however, the Unruh Act does allow for monetary damages. *Molski*, 481 F.3d at 731.

23  "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Id.*

24  Under the Unruh Act, a prevailing plaintiff is entitled to damages of "up to a maximum of

25  three times the amount of actual damage but in no case less than four thousand dollars

26  ($4,000)."  Cal. Civ. Code § 52.

27       Here, Colston requests over $3 million in economic losses, pain and suffering, and

28  emotional distress.  The Court ordered Colston to submit additional briefing to support

Case No.15-cv-02306-NC               5

these claims on May 5, 2017.  The Court finds that as currently briefed, there is not

sufficient information to grant this request.  Thus, the Court DENIES the request for

damages, without prejudice to Colston's renewed motion with supplemental information.

## IV.  CONCLUSION

The Court finds Colston's motion for default judgment and his request for

injunctive relief is appropriate.  However, the Court DENIES the motion without prejudice

because Colston's submission on damages requires additional information.

On May 5, 2017, Colston must submit his supplemental briefing on damages as a

renewed motion for default judgment, briefing only the damages aspect, plus his motion

for attorneys' fees.  The motion should be noticed for a hearing date, with a date for an

opposition brief should defendant choose to challenge the request.  Colston must also

submit proof of service on the defendant.

**IT IS SO ORDERED.**

Dated:  March 31, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California